UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN ZUNIGA | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-705-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

### MEMORANDUM ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. (Dkt. #17). In the Report, the Magistrate Judge recommended that the Court affirm the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Karen Zuniga's claim for disability insurance benefits. Zuniga timely filed objections. (Dkt. #18). The Commissioner responded to the objections, (Dkt. #20), and Zuniga filed a reply, (Dkt. #21).

The Court has conducted a de novo review of the objections and the portions of the Report to which Zuniga specifically objects, and the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and that the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

This is an appeal of the Social Security Administration's ("SSA") decision denying Zuniga's application for disability insurance benefits. In her claim before the SSA, Zuniga alleged that she was entitled to disability insurance benefits because she suffered from multiple sclerosis ("MS"). The SSA's Administrative Law Judge ("ALJ") found that Zuniga is not disabled within the meaning of the Social Security Act, and, therefore, is not entitled to disability insurance benefits. Because the SSA Appeals Council denied Zuniga's request for review of the ALJ's decision, the ALJ's unfavorable decision is the final reviewable decision in this case. *Sims v. Apfel*, 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); 42 U.S.C. § 405(g). Zuniga timely appealed that decision to this Court. (Dkt. #1).

Following briefing on the matter, the Magistrate Judge entered the Report finding that Zuniga's arguments on appeal were without merit and recommending that the Court affirm the Commissioner's decision. Zuniga timely filed objections to the Report, and those objections are now fully briefed.

## II. LEGAL STANDARD

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). Review of the SSA's underlying disability decision "is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "Substantial

evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Id.* (quoting *Harris*, 209 F.3d at 417).

### III. DISCUSSION

The Report describes the five-step sequential evaluation process the SSA must use in considering disability applications. (Dkt. #17 at 2 n.3); 20 C.F.R § 404.1520. The Court need not rehash the steps in full. Relevant here, the process includes initially determining whether a claimant's impairment corresponds to a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 404.1520. If so, the ALJ then determines the claimant's residual functioning capacity ("RFC") to be used in assessing the type of work a claimant can do. *See id.* The claimant must satisfy each of the five-steps to qualify for disability insurance benefits. *See id.*; (Dkt. #17 at 2 n.3).

In this case, the ALJ determined that Zuniga's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 17–21.[1] The ALJ considered several pieces of evidence in making this determination. First, the ALJ expressly considered listing section 11.09 for multiple sclerosis, but determined that such listing was unsupported by the record. Tr. at 18. As for Zuniga's RFC, the ALJ found that she could perform a full range of work at all exertional levels with certain non-exertional limitations related to climbing, exposure to unprotected heights, and

---

[1] (Dkt. #9-1) through (Dkt. #9-16) comprise the Administrative Record ("Tr."). As in the Report, when citing to the record, the Court cites to the Tr.'s internal pagination in the lower right-hand corner of each page rather than to the CM/ECF document number and page.

3

dangerous moving machinery. Tr. at 21. Second, the ALJ considered a Family Medical Leave Act form and a note related to Zuniga's application for a Texas disability parking placard provided by Zuniga's neurologist, Dr. Lynn Wang, M.D. Tr. at 20–21. However, the ALJ found that the documents were not persuasive because they did not contain a functional assessment of Zuniga and did not constitute consistent treatment records. Tr. at 20–21. The ALJ then concluded that Zuniga could perform past relevant work. Tr. at 21. Finally, the ALJ made the alternative finding at the final step of the analysis that Zuniga can make a successful adjustment to other work that exists in significant numbers in the national economy. Tr. at 22. For these reasons, the ALJ concluded that Zuniga had not been under a disability from November 10, 2016, the date Zuniga alleged that her disability began, through the date of the ALJ's decision. Tr. at 23.

Zuniga objects that the ALJ—and in turn the Magistrate Judge in affirming the ALJ—committed reversible legal error by failing to adhere to SSA policies regarding how to evaluate severe impairments with cyclical symptoms. Specifically, she argues that the ALJ (1) failed to consider subjective evidence of Zuniga's pain; (2) misrepresented the record in finding that Zuniga had a normal neurological examination in 2020; (3) failed to consider both Zuniga's cyclical exacerbations and her limitations in walking, standing, and carrying; and (4) committed reversible legal error because his residual functional capacity finding does not comport with Zuniga's diagnosis. None of Zuniga's objections has merit.

4

### A. Zuniga's First Objection

First, Zuniga objects that the ALJ failed to consider subjective evidence of her pain. "The subjective feeling of pain may be introduced either through testimony by the claimant or friends, family, and co-workers." *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 24, 1981). Zuniga does not point to any subjective evidence of pain in the administrative record, and the Court is unable to locate any. To the extent Zuniga asserts that evidence related to her balance issues and incidents of falling also implicates subjective evidence of pain, the ALJ properly considered that evidence. *See* Tr. at 19.

Because there is no subjective evidence of pain in the record that the ALJ did not consider, the first objection is overruled.

### B. Zuniga's Second Objection

Second, Zuniga argues that the ALJ's finding that Zuniga had a normal neurological examination in 2020 is "objectively false" because "Dr. Wang in 2020 NEVER performed a 'neurological examination' with 'findings' that were 'normal' because the visit was via telemedicine." (Dkt. #18 at 2 (quoting Dkt. #17 at 20)). Zuniga further contests that Dr. Wang's office note shows that she did not perform any motor, sensory, or reflex examinations. Therefore, Zuniga concludes that remand is necessary because the ALJ did not develop the facts fully and fairly.

Zuniga's argument that she did not have a normal neurological examination is contradicted by the record. Though she may disagree with her physician's method of conducting the examination, the medical records clearly reflect a normal neurological examination and show that Dr. Wang considered, among other things, Zuniga's

5

speech and cognition. Tr. at 425. Moreover, Zuniga herself denied any neurological symptoms other than "weakness." Tr. at 425. Zuniga does not argue that an in-person neurological examination or an examination otherwise conducted differently would have resulted in abnormal findings. As the Magistrate Judge noted, the "Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." (Dkt. #17 at 10 n.6) (quoting *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000)). And to establish prejudice, a claimant must show that she "could and would have adduced evidence that might have altered the result." (Dkt. #17 at 10 n.6) (quoting *Carey*, 230 F.3d at 142). Zuniga has made no such showing here.

Because Zuniga fails to explain how the ALJ and Magistrate Judge erred in finding that Zuniga had a normal neurological examination in 2020, and because Zuniga has not shown how any alleged error prejudiced her, Zuniga's second objection is also overruled.

**C. Zuniga's Third Objection**

Zuniga next objects that the ALJ erred in failing to consider both Zuniga's cyclical exacerbations caused by her condition and her limitations in walking, standing, and carrying.

The ALJ considered all of the evidence Zuniga presented related to the "frequency and duration of exacerbations, length of remissions, and permanent residuals." 20 C.F.R. Part 404 Subpart P, App. 1, Section 11.00D. The ALJ specifically noted that Zuniga "explained that her symptoms are sporadic with good days and bad

6

days." (Tr. at 19). The ALJ looked to neurology records showing that Zuniga's "last visit was a year earlier" and that there was "no clinical evidence to suggest exacerbation of multiple sclerosis." (Tr. at 20). At the next appointment, Zuniga "said she was doing fine, although she easily trips and occasionally has some falls." (Tr. at 20).

In her reply brief, Zuniga puts a finer point on the ALJ's alleged failure. Zuniga contends that "the ALJ was required to include in his RFC finding unscheduled days off when [Zuniga] experience[s] an exacerbation of her *severe* remitting and relapsing multiple sclerosis" and that "Zuniga's treating neurologist confirmed that these *cyclical* symptoms occur between 2-3 times a month." (Dkt. #21 at 1) (emphasis in original). The ALJ did consider the fact that Dr. Wang signed a form for Zuniga's husband to take intermittent leave two to three days per month from his job to help Zuniga. However, the ALJ properly found the form unpersuasive because it (1) did "not contain a functional assessment of the claimant," and (2) was inconsistent with other treatment records, including other treatment records from Dr. Wang "showing consistently grossly normal physical examination findings." *See* (Tr. at 21). As to the latter point, though Zuniga contends that Dr. Wang's statement that her MS was "partially stable" in 2019 means that she "ha[s] relapses about three times a month," Zuniga does not point the Court to any evidence supporting this definition. (Dkt. #18 at 2).

Zuniga cites to *Gewin v. Astrue*, No. 10-1008, 2011 WL 3924232 (W.D. La. Aug. 3, 2011) to buttress her objection, but that case is readily distinguishable. (Dkt. #18

at 5). In *Gewin*, the ALJ discounted the claimant's testimony and the assessment of the claimant's neurologist, choosing instead to give greater weight to a consultative physician's findings. *Gewin*, 2011 WL 3924232, at *4. That physician opined that "at the present time," i.e., during a period of remission, the claimant had no limitation of function. *Id.* The court found that the ALJ erred in not obtaining evidence to support a determination regarding the frequency and duration of the claimant's exacerbations because "multiple sclerosis, as experienced by plaintiff, presents the type of impairment that waxes and wanes in its manifestations of disabling symptoms." *Id.* at *4–5.

Here, by contrast, the ALJ considered Zuniga's testimony that she has good and bad days. The ALJ specifically asked Zuniga how often she experienced symptoms from her MS, and Zuniga responded only that "it's so sporadic." (Tr. at 36). The ALJ elicited testimony that Zuniga "ha[s] a little fall" once or twice a week. (Tr. at 37). The ALJ also looked at years of treatment records reflecting Zuniga's condition at various points. Other than the vague assertion that Zuniga needed her husband's support two to three times a month, which the Court addressed above, Zuniga points to no evidence that the ALJ failed to consider or should have developed further. Nor does Zuniga provide the Court with any information about what her specific "cyclical symptoms" are. Accordingly, this objection is also overruled.

### D. Zuniga's Fourth Objection

Finally, Zuniga objects that the ALJ's RFC finding "does not comport with a diagnosis of MSRR, partially stable." (Dkt. #18 at 5). Zuniga does not provide any

8

support for this assertion, although she appears to imply that, again, the ALJ's failure to consider the cyclical nature of her symptoms, including the frequency and duration of her exacerbations, resulted in an erroneous RFC finding. This unsupported objection must also be overruled.

In sum, the Court concludes that the ALJ made a decision that was supported by substantial evidence and used proper legal standards to evaluate the evidence. *See Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).

### IV. CONCLUSION

Based on the foregoing reasons, the Court concludes that Zuniga's Objections to Report and Recommendation of United States Magistrate Judge, (Dkt. #18), are **OVERRULED**. It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**So ORDERED and SIGNED this 17th day of January, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE